UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEAN TURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-cv-1119 |
| | ) | Senior Judge Nixon |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, Jean Turman, has filed, *pro se,* a complaint alleging violations of the National Housing Act ("NHA"), 12 U.S.C. § 1701, *et seq.*, and the Single Family Mortgage Foreclosure Act ("SFMFA"), 12 U.S.C. § 3751*et seq.*, against Defendant Wells Fargo Bank, N.A. Plaintiff has paid the civil action filing fee.

Before the Court is Defendant's motion to dismiss the complaint because it fails to state a claim upon which relief can be granted (ECF No. 5). For the reasons set forth below, Plaintiff's complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Discussion

### I. Factual Allegations

In her complaint, Plaintiff alleges that on January 27, 2015, Scott Talley executed a quit claim deed conveying to her title to the property located at 1216 Waverunner Court, Nashville, TN 37217 ("the Property"). (ECF No. 1 at 2.) Talley originally bought the Property in 2009 after executing a promissory note, which was secured by a Deed of Trust on the Property. The Note and the Deed of Trust were later transferred and assigned to Defendant. Plaintiff claims

that while she is not obligated under the terms of the Note signed by Talley and held by Defendant, she is an intended third-party beneficiary under the Deed of Trust. (*Id.* at 2-3.) As a result, Plaintiff alleges she may enforce the terms of the Deed of Trust. (*Id.* at 3.) Plaintiff alleges that under the terms of the Deed of Trust and pursuant to the provisions of the SFMFA, 12 U.S.C. § 3759(C)(2), she "may reinstate the entire amount of the principle and interest, which would be due if payments of the mortgage had not been accelerated." (*Id.*)

Accordingly, on or about July 16, 2015, Plaintiff requested a reinstatement quote from Defendant. (*Id.*) Rather than send a reinstatement quote, Defendant responded by letter explaining that Plaintiff was not a party to the contract, was not authorized by Defendant to assume liability on the Note, and that the provision on which Plaintiff relied in pursuing reinstatement did not entitle her to seek reinstatement.[1] (*Id.; see also* ECF No. 1-3, partial copy of response letter.) Specifically, Defendant explained that paragraph 12 of the Deed of Trust,[2] the provision on which Plaintiff relied in seeking reinstatement, was limited by paragraph 9(b) of the same document which provided that, the Lender may accelerate the Note and require immediate and full payment of the indebtedness if (a) the Property is sold, and (b) the

---

[1] When considering a motion to dismiss, federal courts may consider exhibits attached thereto without converting the motion to dismiss into a motion for summary judgment if the exhibits are referenced in the complaint and are central to the claims contained therein. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir.2008)) ("However, a court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment."). The documents referenced herein were either attached to the complaint or are referred to in the complaint and were attached to Defendant's moving papers.

[2] Paragraph 12 provides, in pertinent part, that "[t]he covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). (ECF No. 1-2 at 6.)

2

purchaser's credit has not been approved by Defendant. (ECF No. 1-3.) Defendant further explained that because it had not approved Plaintiff as a borrower, she was not a "successor and assign" under Paragraph 12 of the Deed of Trust. (ECF No. 1-3.)

Plaintiff claims that the "Lender" is unknown and that Defendant is not that lender but at most, is the loan servicer. (ECF No. 1 at 5.) Additionally, Plaintiff alleges that Defendant has refused to comply with 12 U.S.C. § 1701 j-3(b)(3) and Paragraph 9(b) of the Deed of Trust. (*Id*.) Finally, Plaintiff alleges that Defendant improperly denied her the opportunity to establish that she met customary credit standards in order to assume the loan because Defendant has a reputation for discriminating against African Americans. (*Id.*)

In its motion to dismiss, Defendant argues that the NHA does not provide Plaintiff with a private right of action, that the SFMFA is inapplicable because Defendant is a private company, and that Plaintiff has no right to reinstate the Note because she is not vested with any rights under the Deed of Trust and because, under the circumstances present here, the Note is not subject to reinstatement.

## II. Standard of Review

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint

contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir.2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts

from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**II. Discussion**

    A. NHA.

Plaintiff alleges that Defendant has failed to comply with the NHA. Generally, the NHA does not provide a private right of action. *See e.g. Shiver v*. Landrieu, 674 F.2d 906, 910-11 (D.C. Cir. 1981); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, 670 F.Supp. 2d 516, 526–27 (E.D. La. 2009) (listing cases). Specifically, Section 1701j-3, upon which Plaintiff relies, does not provide her with a private right of action. *See Dupuis v. Yorkville Fed. Sav. & Loan Ass'n,* 589 F. Supp. 820, 823 (S.D.N.Y. 1984). Consequently, Plaintiff fails to state a claim upon which relief can be granted under the NHA.

    B. SFMFA

Plaintiff alleges that Defendant violated the SFMFA by denying her the right to reinstate the Note. The SFMFA governs foreclosure proceedings brought by or on behalf of the Secretary of Housing and Urban Development ("HUD"). *See* 12 U.S.C. § 3751(b) (providing that "[t]he purpose of this chapter is to create a uniform Federal foreclosure remedy for single family mortgages that" are held or secured by the HUD Secretary pursuant to Title I or Title II of the National Housing Act.) Even assuming for the sake of argument that Plaintiff had rights under the Note, Plaintiff does not allege that HUD ever held the note, or secured the note, or that the Secretary of HUD initiated foreclosure proceedings. The provisions of the SFMFA simply do not apply. Consequently, Plaintiff fails to state a claim under the SFMFA.

5

### C. Plaintiff is Not Vested with Any Rights Provided by the Deed of Trust.

As Defendant notes, although she does not raise a specific claim, Plaintiff implies that she has a right to reinstate the Note based upon the Quit Claim Deed she obtained from Talley, the original mortgagor and borrower. Defendant disagrees; arguing that Plaintiff is not vested with any rights provided by the Deed of Trust and that, even if she were, the right to reinstate applies only where the default is caused by a failure to remit mortgage payments, not where, as here, the default is caused by transfer of the property via Quit Claim Deed without Defendant's approval.

Paragraph 12 the Deed of Trust provides that a successor or assign of the borrower or lender shall be bound by, and benefit from, the terms of the Deed of Trust except where, under the provision provided in Paragraph 9(b), the Property is otherwise sold or transferred by the borrower without the lender's prior approval. Where the borrower fails to secure lender approval of the sale, as appears to have happened here, the lender may require immediate payment in full of the sums secured by the Note.

Defendant did not approve the sale of the Property to Plaintiff via Quit Claim Deed. Plaintiff is thus, not a successor or assign under the terms of the Deed of Trust. She is therefore not vested with any rights provided by the Deed of Trust, including the right to reinstatement.

Additionally, even assuming arguendo, that Plaintiff were vested with rights provided by the Deed of Trust, she could still not seek reinstatement because, as Defendant notes, reinstatement is provided for only where the default is failure to make mortgage payments, not where, as here, the default is caused by selling the Property without Defendant's approval.

Finally, to the extent Plaintiff means to suggest that Defendant is refusing to allow her to demonstrate that she can satisfy customary credit standards to assume the loan because she is African-American, it bears noting: (1) that while 12 U.S.C. §1701 j-3(b)(3), upon which Plaintiff relies, encourages lenders to permit the assumption of a real property loan, as discussed above, this section is inapplicable here; and (2) that Plaintiff has failed to allege any facts that would demonstrate that Defendant has any obligation to allow her to assume the loan.

## IV. Conclusion

Because Plaintiff's complaint fails to state any claims upon which relief may be granted, the complaint will be dismissed with prejudice.

An appropriate order is filed herewith.

_____
JOHN T. NIXON
SENIOR UNITED STATES DISTRICT JUDGE